IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kathy Reaves, a/k/a Kathy Juanita Reaves, #50632 | ) ) ) | Case No.: 4:24-5039-JD-TER |
| Petitioner, | ) ) ) | |
| vs. | ) ) | **ORDER AND OPINION** |
| South Carolina Law Enforcement Division, Marlboro County Sheriff's Office, | ) ) ) ) | |
| Respondents. | ) ) ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 11), made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's review of Kathy Reaves, a/k/a Kathy Juanita Reaves, #50632 ("Petitioner" or "Reaves") petition.[1]

### A. Background

Reaves filed this action on a 28 U.S.C. § 2254 form and paid the fee. (DE 1, DE 2.) Reaves's petition challenges a warrant for her arrest, among other things, including her detention and its derivative effects on her. (DE 1.) But she is not in custody. *See* 28 U.S.C. § 2254 ("The Supreme Court, a Justice thereof, a circuit judge,

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

or a district court shall entertain an application for a writ of habeas corpus in behalf

of a person in custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the United

States."). Also, *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at

the moment of delivery to prison authorities for forwarding to District Court), does

not apply here. Reaves asks this Court to find, among other things, that these

violations have occurred: 1) false arrest, 2) false imprisonment, 3) racial profiling,

and due process. (DE 1 at 15.)

### B. Report and Recommendation

On November September 17, 2024, the Magistrate Judge issued the Report

recommending that Reaves's petition be dismissed without prejudice because she is

"not in custody under a state court judgment as required by § 2254(a)[.]" (DE 7 at 1-

2.) The Report found that

> [t]his court may only "entertain an application for a writ of habeas
> corpus in behalf of a person in **custody pursuant to the judgment of
> a State court** only on the ground that he is in custody in violation of
> the Constitution or laws or treaties of the United States." 28 U.S.C. §
> 2254(a))(emphasis added). Petitioner lists a civil § 1983 action as her
> criminal docket number and lists this federal court as the "court that
> entered the judgment of conviction you are challenging." (ECF No. 1 at
> 1). This court is simply not a state court and a civil action is not a
> criminal action or conviction.

(DE 7 at 1.) The Report also found that,

> Petitioner was arrested in November 2021 for speeding less than 25mph
> over the speed limit and driving under a suspended license not DUI. A
> fine shows as $180.50 balance and $647.50 balance. Bond was set as
> $180.50 and $652.50 and was posted in November 2021. There has been
> no activity in either criminal state action since 2022. There has been no
> disposition and no indictment.

2

(*Id.* at 3-4.) Reaves objected to the Report on September 25, 2024. (DE 9.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Reaves's Objections

Reaves's fifteen-page objection provides, among other things, a procedural history of her claims and defenses surrounding her arrest in 2021 and her difficulty prosecuting her claims in court. Reaves claims a Writ of Habeas Corpus was filed in a case styled 4:22-cv-0318-TLW-TER by the Florence Division and the Court "issued orders condoning the arrest[.]" (DE 9 at 10.) Reaves argues that no one has provided her with a valid Georgia warrant under habeas corpus. (*Id.* at 11.) That said, no argument made by Reaves in her objection addresses whether she is in custody under a state court judgment. As the Report adeptly stated, "[t]his court may only 'entertain

3

an application for a writ of habeas corpus in behalf of a person **in custody pursuant to the judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a))(emphasis added)." Since Reaves has not addressed this standard, her objection is overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 7) and incorporates it here by reference.

It is, therefore, ORDERED that Reaves's petition (DE 1) is dismissed without prejudice.

**IT IS SO ORDERED.**

January 23, 2025
Florence, South Carolina

Joseph Dawson, III
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4